Filed 5/19/25  In re G.D. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re G.D., a Person Coming Under the Juvenile Court Law. | C101768 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. STK-JD-DP-2024-0000173) |
| Plaintiff and Respondent, | |
| v. | |
| B.M., | |
| Defendant and Appellant. | |

B.M., mother of the minor, appeals from the juvenile court's July 30, 2024 jurisdictional/dispositional order, which included a provision granting to the San Joaquin County Human Services Agency (Agency) the discretion to arrange visitation between mother and the then 16-year-old minor with the minor's consent.  Mother contends the visitation provision was an improper delegation of the juvenile court's authority to make determinations regarding visitation.  While we might normally agree with mother, she failed to object or assert her contention in the juvenile court, thereby forfeiting the contention on appeal.  We will affirm the juvenile court's order.

1

## BACKGROUND

On May 24, 2024, the minor was detained and placed in foster care. Days later, the Agency filed a petition in the juvenile court alleging the minor came within the protections of Welfare and Institutions Code section 300, subdivision (b)(1). Among other things, the petition alleged the minor was at risk of harm because mother was exhibiting symptoms of untreated mental illness, including schizophrenia and bipolar disorder.

On May 30, 2024, the juvenile court appointed counsel for mother. The juvenile court found that visitation between mother and the minor would be detrimental to the minor's well-being and ordered no visitation pending disposition. The juvenile court wanted to provide time for mother to obtain help and for the minor to become more comfortable with mother.

On June 18, 2024, the juvenile court authorized a proposal for the minor to make a 30-day visit with his maternal grandparents in Washington. The juvenile court continued the no-visitation order for mother pending the jurisdictional hearing but allowed mother to contact the minor through letters while he was in Washington.

The jurisdictional/dispositional hearing was held on July 30, 2024. In attendance were the Agency's counsel, minor's counsel, mother, mother's guardian ad litem, and mother's counsel. Following several amendments to the petition, mother submitted on the amended petition. The juvenile court sustained the allegations in the amended petition and the parties discussed numerous elements of the dispositional order and reunification plan.

After the juvenile court set a review hearing, the Agency's counsel asked the juvenile court to extend its prior order allowing the minor to be in Washington with his maternal grandparents. The juvenile court agreed and extended the order to the last week of August.

2

Mother's counsel then asked the juvenile court to allow mother to visit the minor if the minor and the Agency were agreeable:

"[Mother's counsel]:  My understanding is they were able to visit some when the mother recently went to a wedding in Washington and things were agreeable.  I ask the [A]gency to check with the minor, and the [juvenile court] give the [A]gency discretion to set up holiday visits.

"[Mother's guardian ad litem]:  Or just general visitation.

"[Mother's counsel]:  A general visit and holiday visit for the mother.

"[The juvenile court]:  Discretion is given.

"[Agency's counsel]:  I would just ask as long as the minor wants them.  Thank you."

The juvenile court issued a lengthy minute order that included an extension of the minor's visit in Washington to the last week of August 2024 and gave the Agency discretion to arrange visitation for mother with the minor's consent.

Although mother had requested the visitation arrangement and did not object to it in the juvenile court, she subsequently filed her notice of appeal challenging the visitation order as an improper delegation of authority.

After the filing of the notice of appeal, the juvenile court extended the minor's visit to Washington twice more.  On September 10, 2024, the juvenile court eliminated all visitation and ordered mother not to contact the minor or his caregiver, who was then his maternal grandmother.

On October 8, 2024, the juvenile court ordered the Agency to begin the Interstate Compact on Placement of Children (ICPC) process with the minor's maternal aunt.  The juvenile court reinstated visitation, giving mother permission to have contact with the minor in Washington in connection with the minor's military enlistment and Department of Motor Vehicles appointments, and also to have phone calls with the minor.

3

On November 12, 2024, the juvenile court extended the minor's visit in Washington for another 30 days and issued the following visitation order:

"Mother shall be allowed to visit the minor at the maternal aunt's home in Washington from [November 26, 2024] through [December 2, 2024]. Mother shall stay in a hotel and not in the maternal aunt's home. Times shall be set up by the maternal aunt.

"Mother shall be allowed to attend [the] minor's graduation in San Luis Obispo from [December 5, 2024] through [December 6, 2024]. The Agency shall provide financial assistance with a flight for the minor to attend his graduation. The Agency shall also assist with the booking of the flight if needed.

"The minor will be participating in a field trip to USS [Nimitz] in Washington. Mother shall be allowed to chaperone this [field] trip from [December 10, 2024] through [December 12, 2024]. Mother shall not stay in the maternal aunt's home."

On December 10, 2024, the juvenile court again extended the minor's visit to Washington.

On January 27, 2025, in anticipation of the six-month review hearing, the Agency filed a status review report and case plan update. In its report, the Agency explained that the minor had graduated from high school in California and served as class valedictorian, but he was also enrolled in high school in Washington, which allowed him to participate in the JROTC program and receive military training while he prepared to enlist in the United States Army. He was on the high school wrestling team to stay in shape. The minor said he enjoyed living with his aunt and playing video games with his cousins.

Appended to the Agency's report was a case plan update. The case plan included a visitation schedule, which indicated that visitation between the minor and mother would be in-person, supervised, and "as appropriate."

On January 29, 2025, the juvenile court conducted the six-month review hearing. The juvenile court adopted the Agency's report, ordered that reunification services for

4

mother be continued, and again extended the minor's visit in Washington. The following month, the juvenile court approved placement of the minor in Washington with the minor's aunt, over mother's objection.

## DISCUSSION

On appeal, mother contends that in its July 30, 2024 order, the juvenile court improperly delegated its authority to make decisions regarding visitation by giving the Agency discretion over visitation and allowing the minor to consent to visitation. Although such a delegation is improper, here mother forfeited her appellate contention because she did not assert it in the juvenile court.

" 'A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court. [Citations.] Forfeiture . . . applies in juvenile dependency litigation and is intended to prevent a party from standing by silently until the conclusion of the proceedings.' [Citations.] A party may not assert theories on appeal which were not raised in the trial court." (*Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 686.)

Because mother did not object in the juvenile court to the July 30, 2024 visitation order, and did not assert her improper delegation argument in that court, she is now precluded from pursuing it on appeal. (*Kevin R. v. Superior Court, supra*, 191 Cal.App.4th at p. 686 [the failure to assert in the juvenile court an improper delegation of visitation authority to a parole officer resulted in forfeiture].) Rather than objecting to the visitation order, mother invited it. Mother's counsel asked the juvenile court to allow mother to visit the minor if the minor and the Agency were agreeable. Mother's counsel specifically requested Agency discretion in that regard, and mother obtained the visitation order requested. (Cf. *In re G.P.* (2014) 227 Cal.App.4th 1180, 1193 [when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error].)

5

Moreover, since the time of the challenged order, the juvenile court has issued numerous visitation orders ranging from a no-contact order to detailed visitation orders allowing mother to visit the minor with specified guidelines. Although, as mother argues, it is improper for a juvenile court to delegate authority to make determinations regarding visitation (*In re S.H.* (2003) 111 Cal.App.4th 310, 313, 319; *In re Danielle W.* (1989) 207 Cal.App.3d 1227, 1237), it appears the juvenile court has continued to monitor the matter and address visitation based on evolving circumstances. It also appears the minor will turn 18 in a matter of months. Under the circumstances, while mother's legal challenge is not without merit, she has not established ongoing harm or identified the relief this court could effectively provide in this appeal. (See *In re D.P.* (2023) 14 Cal.5th 266, 275-276 [claim may be moot if no effective relief can be given, demonstrated by ongoing harm that is redressable on appeal].)

DISPOSITION

The juvenile court's July 30, 2024 jurisdictional/dispositional order is affirmed.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
KRAUSE, J.


_____/S/_____
BOULWARE EURIE, J.